# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8428 | **DATE** | 4/17/2013 |
| **CASE TITLE** | United States of America vs. Griffin | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court grants Phillip Griffin's motion for expedited consideration of his petition [8], in that the Court is simultaneously denying Griffin's motion to vacate, set aside, or correct sentence [1]. The Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2).

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

By way of background, on November 9, 2010, pursuant to a written plea agreement, Phillip Griffin ("Griffin") pleaded guilty to one count of bank robbery, in violation of Title 18, United States Code, Sections 2113 (a) (Count One), and one count of knowingly carrying and brandishing a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A) (Count Two). Pursuant to the written plea agreement, Griffin acknowledged that, pursuant to Title 18, United States Code, Section 3663A, the Court was required to order Griffin, together with any jointly liable co-defendants, to make full restitution to TCF Bank, 493 Torrence Avenue, Calumet City, in the amount of $9,015, minus any credit for funds repaid prior to sentencing. On November 21, 2011, the Court sentenced Griffin to 96 months' imprisonment on Count One and 84 months' imprisonment on Count Two, to be served consecutively to the sentence imposed on Count One. The Court also ordered Griffin to pay restitution in the amount of $9,015, together with any jointly liable co-defendants. Griffin did not appeal his conviction or his sentence.

On October 19, 2012, Griffin filed the instant petition, which asks the Court to vacate the restitution order entered against Griffin. Specifically, Griffin asserts that TCF Bank recovered the $9,015 that Griffin and his co-defendants took from the bank and therefore Griffin should not be held responsible for repaying this money. Griffin also asserts that he received ineffective assistance of counsel because his attorney did not notify the Court that the $9,015 that Griffin and his co-defendants stole from TCF Bank had been recovered.

Griffin's restitution claims are moot. On May 30, 2012, the Court entered an order vacating the restitution order previously entered against Griffin. See Docket Entry 111 ("[A]ll proceeds from the bank robbery giving rise to this case ($9,015) were returned, and thus there is no continuing restitution obligation to be enforced against Defendant Griffin."). Because this Court has already provided Griffin all of the relief that he seeks in the petition, Griffin's claims are moot.

| STATEMENT |
|---|

Additionally, even if Griffin's restitution claims were not moot, Griffin failed to raise them on direct appeal. If a § 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal (see *Sandoval v. United States*, 574 F.3d 847, 850-51 (7th Cir. 2009)), or that enforcing the procedural default would lead to a "fundamental miscarriage of justice." *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012). None of these concerns are present here, as Griffin has not even attempted to demonstrate cause or prejudice. Further, nonconstitutional claims, such as challenges to restitution orders, which could have been raised on direct appeal but were not, are deemed waived even without taking cause and prejudice into account. See *Barnickel*, 113 F.3d 704, 706 (7th Cir. 1997); *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988). Here, Griffin did not file a direct appeal, and as such did not raise any claims on appeal. Therefore, the instant petition is the first time that Griffin has raised his restitution claims. Because these claims could have been raised on direct appeal but were not, Griffin has procedurally defaulted these claims and they are barred from the Court's collateral review. See *Sandoval*, 574 F.3d at 850-51; *Barnickel*, 113 F.3d at 706.

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court thus now turns its attention to whether to grant a certificate of appealability pursuant 28 U.S.C. § 2253(c)(2).

Section 2253(c)(2) does not confer an absolute right to appeal a district court's denial of a Section 2255 motion; instead, a petitioner first must request a certificate of appealability ("COA"). See *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); see also 28 U.S.C. § 2253(b). Griffin is entitled to a COA only if he can make a substantial showing of the denial of a constitutional right. *Miller-El*, 537 U.S. at 336; *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). Under this standard, the Court must conclude that reasonable jurists would find the Court's assessment of his Section 2255 claims debatable or wrong. See *Miller-El*, 537 U.S. at 337; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the Court finds no reason why reasonable jurists would debate or disagree with the Court's ruling that Griffin's claims are moot, as Griffin's requested relief had been ordered prior to the filing of the instant petition. Thus, the Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2).

For the foregoing reasons, Griffin's motion to vacate, set aside, or correct his conviction and sentence under 18 U.S.C. § 2255 [1] is respectfully denied, and the Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2).